Estate of Marjorie Stewart Comstock Hart, Henry C. Hart, Administrator, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 110933.   Promulgated December 29, 1943.

*Henry C. Hart, Administrator,* for the petitioner.
*Melvin L. Sears, Esq.,* for the respondent.

#### OPINION.

Murdock, *Judge*: The Commissioner, in determining a deficiency of $34,128.20 in estate tax, disallowed a deduction for previously taxed property with the explanation "that deduction for previously taxed property in respect of these items was allowed in determining the value of the net estate of the prior decedent, Alice G. Comstock." The correctness of this adjustment is the only issue. The case has been submitted upon a stipulation of facts.

Marjorie Stewart Comstock Hart died on January 31, 1939. The estate tax return for her estate was filed with the collector of internal revenue for the district of Rhode Island.

John S. Greene died in 1935 leaving his estate to his sister, Alice G. Comstock. The latter, on August 12, 1935, made a gift of a large part of the Greene estate to her daughter, Marjorie Stewart Comstock Hart. Alice G. Comstock reported that gift and paid the gift tax on it. Alice G. Comstock died in 1938 and the property given to her daughter in 1935 was not reported as a part of her gross estate. The Commissioner, in determining a deficiency of $1,717.03 against the Comstock estate, *inter alia*, included the donated property in the gross estate, as a transfer in contemplation of death, allowed a deduction because it was previously taxed as a part of the Greene estate, and allowed a credit for the gift tax paid. An appeal to the Board of Tax Appeals was taken by the Comstock estate and settled by a stipulation that there was a deficiency of $750. Evidence as to the basis of that settlement was offered by the respondent at the hearing and rejected upon the petitioner's objection. The petitioner's insistence that there is consequently no evidence of the allowance of a credit for the previously paid gift tax is difficult to comprehend. The granting of the credit in the computation of the deficiency is expressly stipulated and, since the deficiency was reduced by the settlement and not increased, it supports no inference that items determined in favor of that dece-

dent were reversed by the settlement. Certainly, the burden of showing any such result would be upon the petitioner. But the question and the rejected evidence are immaterial to the view herein taken. The donated property was reported as a part of the gross estate of the present decedent, Marjorie Stewart Comstock Hart, and a deduction claimed on the ground that it represented previously taxed property. The action of the Commissioner has been described above.

Section 303 (a) (2) of the Revenue Act of 1926, as amended up to the date of the death of this decedent, allowed a deduction for prior taxed property. The provision is in part as follows:

An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1932, or an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this paragraph in respect of the property or property given in exchange therefor.

The purpose of this statutory provision is to prevent certain transfers of the same property from being taxed twice within a five-year period. H. R. Rept. No. 767. 65th Cong. 2d sess. (1918) 42. Earlier, when there was no tax on gifts, this paragraph was drawn to prevent a second estate tax where the same property found its way within five years by "gift, bequest, devise or inheritance" into a second decedent's estate after having been taxed in the first estate. The word "gift" was probably included to cover gifts in contemplation of death or to take effect at death. Words were added to the provision later to cover cases where the first tax was upon a gift of the property to the decedent. Thus, the provision allowed a deduction under (A) for property taxed as the estate of a "prior decedent" and a new deduction under (B) for property received by a gift which had been subjected to gift tax. Cf. *Commissioner* v. *Fletcher Savings & Trust Co.*, 59 Fed. (2d) 508. The draftsmanship is poor. Cf. Paul, Federal Estate and Gift Taxation, vol. 1, p. 637.

The Commissioner disallowed the deduction here on the theory that it was claimed under (A) as property received by "gift, bequest, devise, or inheritance" from the "prior decedent," Alice G. Comstock, and is not allowable because a deduction was allowed the estate of that prior decedent on this same property as property taxed within

five years to the estate of her brother. He thus sets up and destroys an unmade claim, for the petitioner does not claim under (A). It claims under (B). The fact that the petitioner might not be entitled to a deduction under (A) is no reason to deny one under (B).

The respondent seems to concede that the petitioner is entitled to the deduction under (B) unless a limitation next mentioned stands in the way. It is clear that the words "prior decedent" are used throughout solely in relation to the deduction allowed under (A) and have and were intended to have no effect upon the deduction allowed under (B). The limitation, "and only if in determining the value of the net estate of the prior decedent" etc., has no reference or application to a claim not based upon the taxation of the estate of a "prior decedent" but based, instead, upon a prior gift tax. The purpose and meaning of that limitation was to prevent uninterrupted deductions where the property passed through several decedents, each of whom died within five years of the prior owner. Where a deduction is claimed because the property was included in the estate of a prior decedent, it must appear that that prior decedent's estate was not entitled to a deduction for the same property as prior taxed property. The language of the statute, read naturally, clearly shows that the limitation does not apply to a deduction claimed on account of gift tax paid. Using as it does the words "prior decedent," the limitation obviously and appropriately refers to a deduction based upon a prior estate tax and could not be so violently distorted as to limit in some way a deduction based upon a prior transfer taxed as a gift from one living person to another.

It may seem strange that there is no similar limitation upon a deduction claimed for property previously subjected to a gift tax. Congress might have limited either the deduction for prior taxed property or the credit for gift tax, in cases where the gift tax, in effect, is refunded through a credit against the estate tax of the donor. The first tax (gift tax) having been wiped out through the credit, the estate tax on the estate of the donee-decedent would not be a double tax. However, it is not clear how Congress would want to deal with such a situation. So far, it has not dealt with it at all. Considerable rewriting of the statute would be required. Section 303 (a) (2), which is silent on this subject, can not be interpreted to cover a situation so clearly beyond its intendment. In the absence of an effective limitation on (B), the Commissioner can not force the petitioner to make its claim under (A) and then deny that claim because of the limitation on (A).

The word "gift" is linked with the words "bequest, devise, or inheritance" and the respondent says this deduction must be claimed and lost under (A) because gift refers to just such a situation as the present one, a gift in contemplation of death. No doubt it refers to a gift in contemplation of death, but the word was in the statute before

there was a gift tax. Later a wholly new deduction was allowed under new statutory language which exactly fits this case and, as said above, the petitioner does not lose that deduction merely because under the old allowance he would not have gotten it. It is interesting to note that had the daughter died first her estate would take the deduction here claimed and the estate of her mother apparently could still claim the credit for gift tax paid and the deduction for prior taxed property received from her brother's estate. If this situation needs correcting, it will have to await specific legislative recognition.

*Decision will be entered under Rule 50.*